**COMMERCIAL UNION ASSURANCE COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 382–82C.**

United States Claims Court.

May 11, 1983.

Karen Kissler, San Francisco, Cal., for plaintiff; Kiernan & Finnegan, San Francisco, Cal., of counsel.

Robert M. Hollis, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

SPECTOR, Judge.

Plaintiff filed a "Petition Pending Motion for Discovery" under then U.S. Court of Claims Rule 36, which is comparable in all material respects to current Rule 27, "Discovery to Perfect Complaint or Pending Appeal."

Defendant responded with a Motion to Dismiss the petition on the grounds that it was not properly filed under Rule 36 and that it fails to state a cause of action coming within our jurisdiction.

The second ground offered for dismissal (failure to state a cause of action) is elaborated upon in a brief in which defendant purports to define plaintiff's claim as one for "indemnification", which is then stated to be a type of claim barred by the Anti-Deficiency Act, 31 U.S.C. § 665(a). Defendant's theory of the nature of plaintiff's claim is rebutted in an equally lengthy response in which plaintiff observes that its claim as it will be specified in an amended complaint filed after completion of discovery (Rule 27(a)(3)) is for breach of a cost-plus-fixed-fee contract, for failure to reimburse costs incurred thereunder. Both parties support their respective briefs with multiple citations.

It is far too early to be delving into the substantive issues which may be framed when the amended complaint and answer thereto are eventually filed. Defendant's argument that a preliminary complaint under Rule 27 should be dismissed for failure to state a cause of action is premature and is rejected.

Defendant's remaining ground for dismissal is that plaintiff has already received all the documents necessary to prepare a complaint, under a prior Freedom of Information Act request, a statement which plaintiff vigorously denies. It contends that defendant did not, in fact, comply with plaintiff's request under the Freedom of Information Act in its entirety, nor has an adequate explanation been given for not providing certain material. Therefore, it "has been unable upon application to obtain

a sufficient examination of such documents or things or other information" within the meaning of Rule 27.

It is concluded that plaintiff has made a sufficient showing to permit further proceedings under Rule 27. Defendant's motion to dismiss is hereby denied.

Within 30 days of this order, plaintiff shall file the requisite motion contemplated by Rule 27(a)(1). IT IS SO ORDERED.